UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-306 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |
| ANDREW D. OAKGROVE | |
| Defendant. | |

Jeffrey S. Paulson, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for Plaintiff.

Andrew D. Oakgrove, Reg. #16790-041, United States Penitentiary Canaan, Post Office Box 300, Waymart, PA 18472, *pro se*.

On February 6, 2013, Petitioner Andrew Oakgrove pled guilty to harboring and concealing a fugitive in violation of 18 U.S.C. § 1071. He is currently serving a 30 month sentence of imprisonment. Oakgrove now brings this motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, arguing that his conviction is invalid because (1) the government failed to prove he was an Indian, (2) the Court did not have jurisdiction, (3) he was denied effective assistance of counsel, (4) the evidence used against him was the result of an unreasonable search and seizure, and (5) his guilty plea was unlawfully induced or he did not understand the charge and consequences of his plea. For the reasons set forth below, the Court will deny his motion.

# BACKGROUND

On April 30, 2012, Oakgrove was driving a vehicle and transporting Jason King as a passenger in that vehicle.  An arrest warrant had previously been issued for King based on charges of interference with commerce by robbery and related crimes.  Oakgrove then led police officers on a high-speed chase for several miles.  When the chase ended, Oakgrove and King were both arrested.  Oakgrove pled guilty to concealing a person from arrest under 18 U.S.C. § 1071, which states:

> Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both . . . .

18 U.S.C. § 1071; (*see also* Plea Agreement, Feb. 6, 2013, Docket No. 15.)  The Court sentenced Oakgrove to 30 months imprisonment.  (Sentencing J., May 15, 2013, Docket No. 29.)

# ANALYSIS

## I.    STANDARD OF REVIEW

Section 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow

range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.'" *Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

## II. OAKGROVE'S CLAIMS

### A. Indian Status

Oakgrove's primary basis for vacating his conviction is based on his argument that the government failed to recognize, or include in the indictment, that he is a member of a federally recognized Indian tribe. (*See* Mot. to Vacate at 6, Oct. 11, 2013, Docket No. 31 ("The court failed to reco[g]nize the Defendant is a[n] Indian from a federal reco[g]nized tribe beyond a reasonable doubt in indictment.").) He appears to base this argument on *United States v. Zepeda*, 738 F.3d 201 (9th Cir. 2013). There, the Ninth Circuit considered a defendant charged under 18 U.S.C. § 1153, which states that "[a]ny Indian who commits [a long list of specific crimes] shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States." 18 U.S.C. § 1153(a). As explained in *Zepeda*, § 1153 "creates federal jurisdiction for cases in which an Indian commits one of a list of thirteen enumerated crimes in Indian country," and is one of two statutes Congress enacted in order "[t]o balance the sovereignty interest of Indian tribes and the United States's interest in punishing offenses committed in Indian country." *Zepeda*, 738 F.3d at 206. The court there considered whether a Certificate of Enrollment in an Indian tribe entered

into evidence through the parties' stipulation was sufficient evidence upon which a rational jury could conclude that a defendant was an Indian for the purposes of § 1153. *Id.* at 204.  The court observed that "question of Indian status operates as a jurisdictional element under § 1153," and that it was also an element of the offense "that must be alleged in the indictment and proved beyond a reasonable doubt," and the court ultimately held that the government there had failed at trial to prove the defendant's status as an Indian beyond a reasonable doubt.  *Id.* at 205-06 (internal quotations omitted).

Oakgrove appears to argue that his conviction under § 1071 is invalid without similar proof beyond a reasonable doubt of his status as an Indian.  He states, "[t]his indictment and sentence must be vacated and dismissed by law, the element of the crime is part of the offense of 1153[;] government failed to define in indictment."  (Mot. to Vacate at 6.)  In his memorandum in support of his petition, Oakgrove states the following:

> You will please take notice that at a session of the above-named court, to be held before the Honorable Judge of this court on the first date petitioner can be heard, petitioner will move this court to dismiss the indictment and any convictions of petitioner as structurally defective, and lacking jurisdiction and issue an order declaring the petitioner innocent as a matter of law. Insufficient, invalid indictment.
>
> This motion is brought pursuant to petitioner[']s] rights – under the First, Fourth, Fifth, Sixth, and Eight Amendment of the United States Constitution, and pursuant to 18 U.S.C. § 1153.  Indian Count[r]y Crimes Act, citing *United States v. Zepeda*, 705 F.3d 1052 (2013).  Indictment and sentence must be dismissed, and *see*: 92 C.R.L. 463.

(Mem. in Support of Petition at 1-2, Oct. 11, 2013, Docket No. 32.)  He also notes that there is an exhibit enclosed, which is a certificate of his enrollment in the Red Lake Band of Chippewa Indians.  (Mem. in Support of Petition, Ex. 1.)

It appears that Oakgrove interprets *Zepeda* and 18 U.S.C. § 1153 to require the government to prove his tribal enrollment beyond a reasonable doubt in order for his conviction under 18 U.S.C. § 1071 to be valid.  However, Indian status is not an element of § 1071, so any failure to include in the indictment, plea agreement, or otherwise prove Oakgrove's status as an Indian is not a ground upon which to vacate his conviction under § 2255.

To the extent Oakgrove argues more generally that the indictment failed to identify all of the elements of the offense with which he was charged,  the Court will review all of the elements of § 1071.  The elements of § 1071 are "(1) the defendant had specific knowledge that a federal warrant had been issued for the person's arrest, (2) the defendant harbored or concealed the person for whom the arrest warrant had been issued, and (3) the defendant intended to prevent the person's discovery and arrest."  *United States v. Stegmeier*, 701 F.3d 574, 578 (8th Cir. 2012) (internal quotations omitted), *cert. denied*, 134 S. Ct. 221 (U.S. 2013).  Oakgrove's indictment fulfills the first element by stating, "the defendant had notice and knowledge of the fact that a warrant and process had been issued for the apprehension of Jason King." (Indictment, Dec. 10, 2012, Docket No. 1.)  It satisfies the second element by stating that Oakgrove, "knowingly harbored and concealed Jason King, a person for whose arrest a warrant and process had been

issued." (*Id.*)  Finally, the indictment satisfies the third element by stating Oakgrove did so, "to prevent the discovery and arrest of Jason King." (*Id.*)

Furthermore, Oakgrove agreed to all three of these elements in his plea agreement which states, "Andrew Oakgrove knowingly harbored and concealed Jason King, a person for whose arrest a warrant and process had been issued under the provisions of United States law, in order to prevent the discovery and arrest of Jason King."  (Plea Agreement at 1, Feb. 6, 2013, Docket No. 15.)  Additionally, Oakgrove agreed that he knew King was a fugitive, that Oakgrove acted voluntarily, and that the act of concealing King violated the law.  (*Id*. at 2.)  Therefore, because both the indictment and the plea agreement state all of the elements of the crime required by § 1071, the Court concludes that the adequacy of the plea agreement and indictment generally, and with specific regard to Oakgrove's Indian status, are not grounds for vacating his conviction under § 2255.

### B. Jurisdiction

Oakgrove also appears to argue the Court lacked jurisdiction over his case because he is an Indian from a federally recognized tribe.  Oakgrove is correct that the court in *Zepeda*[1] observed that Indian status is a jurisdictional element of 18 U.S.C. § 1153. However, Indian status does not deprive the court of jurisdiction for a crime committed

---

[1] The Court also notes that the Ninth Circuit has granted a rehearing en banc for *United States v. Zepeda* and instructed that "[t]he three judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit."  *United States v. Zepeda*, 742 F.3d 910 (9th Cir. 2014).

under 18 U.S.C. § 1071 because, as described above, § 1071 does not include Indian status as an element of the offense.

Furthermore, the Eighth Circuit has made it clear that even if Indian status were an element of the offense, a dispute over that element would not necessarily deprive the Court of jurisdiction. *United States v. Stymiest*, 581 F.3d 759, 763 (8th Cir. 2009) ("[A] dispute over the defendant's Indian status does not affect the district court's jurisdiction over a prosecution under § 1153."). The Court's jurisdiction over Oakgrove's case is squarely established by 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); *see also United States v. Pemberton*, 405 F.3d 656, 659 (8th Cir. 2005) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231. That's the beginning and the end of the 'jurisdictional' inquiry." (internal quotations and alterations omitted)).

### C.   Other Grounds

Oakgrove also circled a number of commonly raised grounds for relief on his § 2255 motion form. In response to the instruction to state "every ground on which you claim that you are being held unlawfully," after which there is a list of ten of the "most frequently raised grounds" for relief, Oakgrove circled (a) that his conviction was obtained by a guilty plea "which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea," (c) that his conviction was "obtained by use of evidence gained pursuant to an unconstitutional

search and seizure," and (i) that he was denied "effective assistance of counsel." (Mot. to Vacate at 5.)

Oakgrove has provided no facts or arguments to support these claims. "While a pro se § 2255 petition might require the more liberal construction that a court would give pro se pleadings in any other civil case," *Saunders v. United States*, 236 F.3d 950, 953 (8th Cir. 2001), a petitioner nevertheless "must allege sufficient facts to establish a constitutional claim," in order to be entitled to relief, *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987); *see also Cooper v. Schriro*, 189 F.3d 781, 785 (8th Cir. 1999). These three circled grounds for relief "lack sufficient specificity under even the most liberal pleading requirements." *Saunders*, 236 F.3d at 953 (alterations and internal quotations omitted). Oakgrove has thus failed to establish any of these three grounds for relief and the Court will dismiss these claims accordingly.

The Court observes, however, that Oakgrove's claims would likely fail on the merits as well. For example, the newly discovered evidence ground appears to be a reference to the Tribal Enrollment Certificate that Oakgrove attached to his motion. However, as discussed above, because Indian status is not relevant to the offense for which Oakgrove was charged, this additional evidence does not entitle him to relief. Furthermore, the Court has found nothing in the record to suggest Oakgrove entered his guilty plea involuntarily or without understanding the consequences of doing so. During the plea proceeding, the Court carefully questioned Oakgrove about whether he was acting voluntarily, whether anyone had made promises to him to convince him to plead guilty, and whether he understood that he was giving up certain rights by doing so.

Oakgrove indicated he understood and was acting voluntarily. Thus, the Court will dismiss this ground of Oakgrove's motion.

Likewise, the Court finds Oakgrove's ineffective counsel claim is insufficient. To support a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient and that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a defendant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996) (internal quotation marks omitted). The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To satisfy the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In order to establish this ground for relief, Oakgrove must first show that his counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688. Without any argument or evidence beyond circling this ground from a list, the Court concludes that Oakgrove has failed to meet either prong of *Strickland* and will deny Oakgrove's petition on this ground.

Finally, it is not clear which search or seizure Oakgrove is referring to when he indicates that his conviction was obtained through an unconstitutional search and seizure.

Without additional information, the Court is unable to analyze the merits of Oakgrove's claim, and will deny his petition on this ground.

### III. CERTIFICATE OF APPEALBILITY

A court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be "debatable among reasonable jurists," a court must be able to "resolve the issues differently," or the case must "deserve further proceedings." *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised in defendant's motion differently. The Court therefore concludes that Oakgrove has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Section 2255 Motion to Vacate [Docket No. 31] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 14, 2014        ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                               United States District Judge